IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL ANGEL SAUCEDO-RODRIGUEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden, Northwest ICE Processing Center; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and SEATTLE FIELD OFFICE DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>Respondents. | No. 2:26-CV-04150-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents have not filed a notice of appearance.

Petitioner is a non-citizen who has been in ICE custody since January 28, 2026. This is Petitioner's second Habeas Petition. In granting the first Petition, Case No. 2:26-CV-00765-TMC, Judge Tiffany Cartwright entered an Order

directing Respondents to hold a bond hearing. Petitioner now challenges the constitutionality of that bond hearing, asserting the Immigration Judge (IJ) abused its discretion in denying bond, as it provided no individualized discussion in the two-page order denying bond.

On October 28, 2026, the Court entered a scheduling order instructing Respondents to file a response memorandum on or before November 12, 2026. No response memorandum was ever filed, and no attorney has appeared on behalf of Respondents.

The Court is aware of a letter circulated by the U.S. Attorney's Office for the Western District of Washington (USAO) indicating that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." The letter represents that the USAO will continue to screen habeas petitions, but that "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition."

As no attorney has appeared on behalf of Respondents within seven court days of the scheduling order entered in this matter, the Court construes the habeas petition as intentionally unopposed. Petitioner has stated a plausible claim to habeas relief under the Due Process Clause. In the absence of a response to the Court's show cause Order, the Court **grants** the Petition.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

5. As instructed by the U.S. Attorney's Office, the Clerk of Court shall direct copies of this Order to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJHabeas.Orders@usdoj.gov.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to pro se Petitioner.

**DATED** this 25th day of November 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge